UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

======================================
MICHAEL FISCHBEIN individually and
on behalf of all others similarly situated

                Plaintiff,

-against-

AMERICAN RECOVERY SERVICE INCORPORATED

                Defendant.
======================================

## CLASS ACTION COMPLAINT

### *Introduction*

1) Plaintiff Michael Fischbein files this Complaint seeking redress for the illegal practices of American Recovery Service Incorporated, in connection with the collection of a debt allegedly owed by the consumer in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, et seq. ("FDCPA").

2) Plaintiff is a citizen of the State of New York who resides within this District.

3) Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

4)  The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5)  Upon information and belief, Defendant's principal place of business is located within Thousand Oaks, California.

6)  Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7)  Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

8)  This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9)  Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

### *Allegations Particular to Michael Fischbein*

10)  Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11)  On or about May 1, 2012, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes. (Attached as Exhibit A)

12)  Said letter states in pertinent part as follows: "Collection of Judgment against You Arising out Of Your Account with American Express."

"This account, which is now a judgment against you, has been assigned to our office for collection. We are mailing this notice to you in advance of any further activity by this office so that you may have an opportunity to resolve this matter in full."

13) Said language in letter, is false, deceptive, and misleading as there is no such judgment against the Plaintiff.

14) Said language in letter, is false, deceptive, and misleading as it implies an unfair manner the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

15) Said language in letter, is false, deceptive, and misleading as it is a false representation of the amount, character or legal status of the debt.

16) Said language in letter, is false, deceptive, and misleading for threatening to take an action that could not legally be taken for the purpose of coercing the Plaintiff to pay the debt.

17) Said language in letter, is false, deceptive, misleading for implying false representations and deceptive means to collect or attempt to collect a debt.

18) Defendant violated 15 U.S.C. §§ 1692d, 1692e(2)(A), 1692e(5), 1692e(10), and 1692f for threatening to collect on a non-existing judgment, for falsely representing the amount, character or legal status of the debt, threatening to take an action that cannot legally be taken, engaging in unfair or unconscionable means to collect or attempt to collect a debt, and using false representations or deceptive means to collect or attempt to collect a debt.

## CLASS ALLEGATIONS

19) This action is brought as a class action. Plaintiff brings this action individually, and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

20) The identities of all class members are readily ascertainable from the records of American Recovery Service Incorporated and those business and governmental entities on whose behalf it attempts to collect debts.

21) Excluded from the Plaintiff's Class are the Defendants and all officers, members, partners, managers, directors, and employees of American Recovery Service Incorporated, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

22) There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

23) The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

24) The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the

Plaintiff nor his attorneys have any interests, which might cause him not to vigorously pursue this action.

25) This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is

committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendants who, on information and belief, collect debts throughout the United States of America.

26) Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that Defendant's communications with the Plaintiff, such as the above stated claims is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

27) Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

28) Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R.Civ. P. 23(c)(4).

## AS AND FOR A FIRST CAUSE OF ACTION
*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself*
*and the members of a class, as against the Defendant.*

29) Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through twenty eight (28) as if set forth fully in this cause of action.

30) This cause of action is brought on behalf of Plaintiff and the members of a class.

31) The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter by American Recovery Service Incorporated asserting a debt owed to American Express; (a) bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff on or about May 1, 2012; (b) the collection letter was sent to a consumer seeking payment of a personal debt; and (c) the collection letter was not returned by the postal service as undelivered, and that (d) the Defendant violated 15 U.S.C. §§

1692d, 1692e(2)(A), 1692e(5), 1692e(10), and 1692f for threatening to collect on a non-existing judgment, for falsely representing the amount, character or legal status of the debt, threatening to take an action that cannot legally be taken, engaging in unfair or unconscionable means to collect or attempt to collect a debt, and using false representations or deceptive means to collect or attempt to collect a debt.

32) Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(a) Based on the fact that a form collection letter are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(c) The only individual issue involves the identification of the consumers who received such collection letters telephonic messages (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

(d) The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

(e) The Plaintiff will fairly and adequately represent the class members'

interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

33) A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

34) If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

35) Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

36) The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

37) The Defendant's violation of the Fair Debt Collection Practices Act, entitles the Plaintiff and the members of the class to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

and

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
February 11, 2013

/s/ David Palace
**Law Offices of David Palace** (DP 3855)
383 Kingston Ave. #113
Brooklyn, New York 11213
Telephone: 347-651-1077
Facsimile: 347-464-0012

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

/s/ David Palace
David Palace esq. (DP 3855)

# EXHIBIT A

**ARSI**
AMERICAN RECOVERY SERVICE INCORPORATED

Corporate Headquarters
555 St. Charles Drive, Suite 100
Thousand Oaks, California 91360

Phone: 805-379-8500
Fax: 805-379-8530

May 1, 2012

Account Number:           12103530
Current Judgment Bal. Owed: $20765.02
Reference Number:         372542684954002
Case No.:                 10 100824

RE: Collection of Judgement Against You Arising Out of Your Account With American Express

This account, which is now a judgment against you, has been assigned to our office for collection. We are mailing this notice to you in advance of any further activity by this office so that you may have an opportunity to resolve this matter in full.

This notice has been sent by a collection agency. This is an attempt to collect a debt; any information obtained will be used for that purpose. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

You may contact our office at (888) 395-2774.

Sincerely,
Christopher Harris
Unit Manager

Web pay available online at www.arsiwebpay.com
**PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

Detach Lower Portion and Return with Payment in the Enclosed Envelope * * *

555 St. Charles Drive, Suite 100
Thousand Oaks CA 91360-1234
CHANGE SERVICE REQUESTED

 We accept VISA, MasterCard and Discover.
Please see reverse side for credit card payment.

May 1, 2012

American Recovery Service Incorporated
555 St. Charles Drive, Suite 100
Thousand Oaks CA 91360-3983

12103530-ILJDG          781623422

Michael Fischbein
29 Heyward St Apt 1R
Brooklyn NY 11249-7897

Account Number:           12103530
Current Judgment Bal. Owed: $20765.02
Reference Number:         372542684954002
Case No.:                 10 100824

## CONSUMER NOTICES

This has been sent to you by a collection agency. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

## ADDITIONAL NOTICES

CALIFORNIA ONLY: The state Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9:00 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

FOR COLORADO RESIDENTS ONLY: A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA. Our Colorado office is located at: 717 Seventeenth Street, Ste 2300, Denver, Colorado. The phone number is 866-436-4766.

MAINE: American Recovery Service Incorporated operating hours are from 7:00 am to 4:00 pm Pacific Time. Phone: 888-395-2774.

MASSACHUSETTS: NOTICE OF IMPORTANT RIGHTS
YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR. You may contact our agency between the hours of 7am and 4pm Pacific Time. Phone: 888-395-2774.

MINNESOTA: This collection agency is licensed by the Minnesota Department of Commerce.

NEW YORK CITY: New York City Department of Consumer Affairs License Number: 1254627.

NORTH CAROLINA: This collection agency is licensed by the North Carolina Collection Agency Board, permit number 3356.

TENNESSEE: This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

WISCONSIN: This collection agency is licensed by the Division of Banking, P.O. Box 7876, Madison, Wisconsin 53707.

---

**Please enter the requested information in the spaces provided below:**

| EMPLOYER: | TELEPHONE: | EXT: |
|---|---|---|
| ADDRESS: | CITY | STATE | ZIP |

### We Accept VISA, MasterCard and Discover

If you wish to make your payment via credit card, please complete the information below and return in the enclosed envelope. The 3-digit ID number is located on the reverse side of your credit card.*

CHECK ONE:
- ☐ MasterCard
- ☐ VISA
- ☐ Discover

| Account Number | *ID Number | Payment Amount | Expiration Date |
|---|---|---|---|
| | | $ | / |

| Cardholder Name | Signature of Cardholder | Date |
|---|---|---|

| Cardholder Street Address | City | State | Zip |
|---|---|---|---|

Phone number for verification of information if necessary: ( ) -